**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

ANTONIO GIACCONE and RITA GIACCONE,

Plaintiffs,

-against-

CANOPIUS US INSURANCE, INC. i/s/h/a CANOPIUS US INSURANCE COMPANY,

Defendant.

Case No.: 1:14-cv-06939-JBS-KMW

**Motion Date: December 15, 2014**

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

WHITE FLEISCHNER & FINO, LLP
Holmdel Corporate Plaza
2137 Route 35
Holmdel, New Jersey 07733
(732) 530-7787
Attorneys for Defendant
CANOPIUS US INSURANCE, INC. i/s/h/a
CANOPIUS US INSURANCE COMPANY
Our File No.: 446-17360L

JARED T. GREISMAN, ESQ.
*On the brief*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES (draft) ........ iii

I. PRELIMINARY STATEMENT ........ 1

II. LEGAL STANDARD ........ 2

III. LEGAL ARGUMENT ........ 6

A. Plaintiffs' Complaint Should Be Dismissed Because They Have Released Their Right To Make Any Further Claims Under Policy No. OUS16008388 ........ 6

B. Pursuant To The Terms Of The Release, Canopius US Is Entitled To Recover Its Attorney's Fees ........ 9

IV. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)...............................4, 5

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)...............................2

*Belfer v. Merling*,
322 N.J. Super. 124, 730 A.2d 434 (App. Div.) .......................................................9

*Bilotti v. Accurate Forming Corp.*,
39 N.J. 184, 188 A.2d 24 (1963)...............................................................................6

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)..........................................4

*Ctr. Grove Assocs. v. Hoerr*,
146 N.J. Super. 472, 370 A.2d 55 (App. Div. 1977) ...............................................10

*Cohen v. Fair Lawn Dairies, Inc.*,
86 N.J. Super. 206, 206 A.2d 585 (App. Div.),
*aff'd*, 44 N.J. 450, 210 A.2d 73 (1965) ......................................................................9

*Cooper v. Borough of Wenonah*,
977 F. Supp. 305 (D.N.J. 1997) ..................................................................................6

*Cnty. of Morris v. Fauver*,
153 N.J. 80, 707 A.2d 958 (1998)...............................................................................6

*Cunningham v. Financial Modeling Concepts, Inc.*,
2006 N.J. Super. Unpub. LEXIS 2106,
2006 WL 2986616 (App. Div. Oct. 20, 2006).........................................................9

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)........................................................................................2

*FMC Corp. v. Guthery*,
2009 U.S. Dist. LEXIS 70221, 2009 WL 2488148 (D.N.J. Aug. 10, 2009)............3

*Geraghty v. Ins. Servs. Office*,
369 Fed. Appx. 402 (3d Cir. N.J. 2010) ....................................................3

*Grossberger v. Ruane*,
2011 U.S. Dist. LEXIS 143549, 2011 WL 6257178 (D.N.J. Dec 14, 2011) ............2

*Hardy v. Abdul-Matin*,
198 N.J. 95, 965 A.2d 1165 (2009)..........................................................6

*Hilfirty v. Shipman*,
91 F.3d 573 (3d Cir. 1996)....................................................................4

*In re Rockefeller Ctr. Props. Sec. Litig.*,
184 F.3d 280 (3d Cir. 1999) ...................................................................3

*Isetts v. Borough of Roseland*,
364 N.J. Super. 247, 835 A.2d 330 (App. Div. 2003) ..................................6

*IVF Inv. Co. LLC v. Estate of Natofsky*,
2014 N.J. Super. Unpub. LEXIS 1868, 2014 WL 3743366
(App. Div. July 31, 2014) ......................................................................7

*Jennings v. Cutler*,
288 N.J. Super. 553, 672 A.2d 1215 (App. Div. 1996),
*certif. denied*, 162 N.J. 196, 743 A.2d 848 (1999) .....................................10

*Lum v. Bank of Am.*,
361 F.3d 217, 222 n.3 (3d Cir. 2004) .......................................................3

*Malick v. Seaview Lincoln Mercury*,
398 N.J. Super. 182, 940 A.2d 1221, (App. Div. 2008) ...............................6

*Malleus v. George*,
641 F.3d 560 (3d Cir. 2011)....................................................................2

*Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1358, 89 L. Ed. 2d 538 (1986)...........................5

*N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*,
158 N.J. 561, 730 A.2d 843 (1999)....................9

*Packard-Bamberger & Co. v. Collier*,
167 N.J. 427, 771 A.2d 1194 (2001) ....................9

*South Jersey Gas Co. v. Mueller Co.*,
2010 U.S. Dist. LEXIS 41407, 2010 WL 1742542 (D.N.J. 2010)....................4

**Statutes**

Fed. R. Civ. P. 12....................4

Fed. R. Civ. P. 12(b)(6)....................2, 3

Fed. R. Civ. P. 12(d) ....................3, 4

Fed. R. Civ. P. 56 ....................4

Fed. R. Civ. P. 56(c) ....................4

**Other Authorities**

Restatement (Second) of Contracts § 284....................6

## I. PRELIMINARY STATEMENT

In November 2013, with the benefit and advice of legal counsel and a public adjuster, Plaintiffs duly executed a Release and Settlement Agreement wherein in exchange for the sum of $458,446.11, they released Canopius US Insurance, Inc. ("Canopius US") from any and all further obligation under Policy No. OUS16008388[1], which had expired six months earlier, on May 3, 2013.

In complete violation of the November 2013 Release and Settlement Agreement, Plaintiffs submitted this "new" claim to Canopius US on January 16, 2014. Plaintiffs allege that they incurred a loss in January 2013, ten months before they executed the Release and Settlement Agreement. Relying upon the Release and Settlement Agreement, Canopius US denied any further obligation to Plaintiffs under the Policy.

Plaintiffs brazenly responded to Canopius US' denial with the instant lawsuit. Canopius US hereby respectfully requests that this Court enforce the Release and Settlement Agreement and dismiss the Plaintiffs' lawsuit in its entirety.

---

[1] Policy No. OUS16008388 provided commercial property insurance coverage for Plaintiffs' premises located at 118-124 South Main Street, Pleasantville, New Jersey.

## II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id*. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal,* 129 S. Ct. at 1950); *Grossberger v. Ruane*, 2011 U.S. Dist. LEXIS 143549, 2011 WL 6257178 (D.N.J.Dec. 14, 2011).

In deciding a motion under Rule 12(b)(6), "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim". *See, e.g., Geraghty v. Ins. Servs. Office*, 369 Fed. Appx. 402, 407 (3d Cir. N.J.2010); *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

However, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such a case "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also FMC Corp. v. Guthery*, 2009 U.S. Dist. LEXIS 70221, 2009 WL 2488148 (D.N.J. Aug. 10, 2009). The Court does not need to give parties express notice when the Court plans to convert a motion to dismiss into a motion for summary judgment. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 288, 287 (3d Cir. 1999) (holding that a court reviewing a decision to convert a dismissal motion into one for summary judgment will consider: (1) whether the materials submitted required conversion; (2) whether the parties had adequate notice; and (3) if the parties did not have adequate notice, whether such error was harmless.)

Moreover, where, as here, a motion to dismiss is styled in the alternative as a motion for summary judgment, the non-moving party is put on notice that the court

could treat the motion as one for summary judgment under Rule 56. *See South Jersey Gas Co. v. Mueller Co.*, 2010 U.S. Dist. LEXIS 41407, 2010 WL 1742542 (D.N.J. 2010) ("The Fleury Affidavit is a matter outside the pleadings, which cannot be considered on a motion to dismiss. *See* Fed. R. Civ. P. 12. However, because the Mueller Defendants styled their motion in the alternative as one for summary judgment, South Jersey Gas has been on notice that the Court could treat the motion as one for summary judgment under Federal Rule of Civil Procedure 12(d).") *See also Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996).

Pursuant to Federal Rule of Civil Procedure 56(c), the court shall grant summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A material fact is one that might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party has the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually

does exist. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1358, 89 L. Ed. 2d 538 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538.

Further, "if the evidence is merely colorable . . . or is not significantly probative, summary judgment must be granted." _*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.1" *Id.* at 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202. In sum, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." *Id.* at 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202.

## III. LEGAL ARGUMENT

### A. Plaintiffs' Complaint Should Be Dismissed Because They Have Released Their Right To Make Any Further Claims Under Policy No. OUS16008388

In New Jersey, it is well-established that a release is a contract and thus subject to enforcement under the usual principles of contract interpretation. *Cooper v. Borough of Wenonah*¸ 977 F. Supp. 305, 311 (D.N.J. 1997) (citing Restatement (Second) of Contracts § 284). "A basic principle of contract interpretation is to read the document as a whole in a fair and common sense manner." *Hardy v. Abdul-Matin*, 198 N.J. 95, 103, 965 A.2d 1165 (2009). "If the terms of a contract are clear, they are to be enforced as written." *Malick v. Seaview Lincoln Mercury*, 398 N.J. Super. 182, 187, 940 A.2d 1221, (App. Div. 2008) (citing *Cnty. of Morris v. Fauver*, 153 N.J. 80, 103, 707 A.2d 958 (1998)).

The scope of a release is determined by the intention of the parties as expressed in the terms of the particular instrument, considered in the light of all the facts and circumstances." *Bilotti v. Accurate Forming Corp.*, 39 N.J. 184, 203, 188 A.2d 24 (1963). "A general release, not restricted by its terms to particular claims or demands, ordinarily covers all claims and demands due at the time of its execution and within the contemplation of the parties." *Id.* at 204. Moreover, when a release's language refers to "any and all" claims, as here, courts generally do not permit exceptions. *Isetts v. Borough of Roseland*, 364 N.J. Super. 247, 255-56,

835 A.2d 330 (App. Div. 2003); *IVF Inv. Co., LLC v. Estate of Natofsky*, 2014 N.J. Super. Unpub. LEXIS 1868, 2014 WL 3743366 (App. Div. July 31, 2014).

Assuming *arguendo* that the January 31, 2013 loss was indeed a separate loss unrelated to the Super Storm Sandy claim (which it was not[2])– which Canopius US specifically denies – it was still discharged by the November 27, 2013 Release and Settlement Agreement. The Release and Settlement Agreement specifically provides that:

> GIACCONE specifically releases the following claims: Any and all claims that were made or could have been made under or against an insurance policy issued by CANOPIUS US INSURANCE INC. formerly known as OMEGA US INSURANCE INC., bearing Policy No. OUS16008388. It is specifically agreed that there are no remaining claims of any kind which GIACCONE had under Policy No. OUS16008388.

See Exhibit C, page 3. Accordingly, Plaintiffs have released their right to make any further claims under Policy No. OUS16008388.

Taking the allegations in the Complaint as true, it is undisputed that the alleged January 31, 2013 loss occurred during Policy No. OUS16008388's policy period of May 3, 2012 through May 3, 2013 and that the Policy expired on May 3, 2013. Plaintiffs executed the release on November 27, 2013 (Exhibit C) – **six (6) months** after Policy No. OUS16008388 expired on May 3, 2013 and **ten (10)**

---

[2] See Exhibit D, pages 10-11, 17-18, 31-33.

**months** after the purported January 31, 2013 date of loss. Hence, it is clear that Plaintiffs are seeking further recovery under Policy No. OUS16008388 in violation of the clear and unambiguous terms of the release.

Therefore, Canopius US respectfully requests that the Court enforce the clear and unambiguous terms of the release and dismiss Plaintiffs' complaint, in its entirety, with prejudice.

The Release and Settlement Agreement broadly covers "any and all claims, actions, causes of action, demands, rights, damages costs, losses of services, expenses, interest, compensation, and obligations toward Giaccone, whatsoever (whether contractual, quasi-contractual, extra-contractual or otherwise), which Giaccone now has or which hereafter accrue on account of, or in any way growing out of damages (whether direct, consequential or punitive), interest costs and fees resulting or to result from or in any way relating to the claim and/or loss and/or damage sustained to the property located at 118-124 South Main Street, Pleasantville, New Jersey 08322 as a result of wind and water damages that occurred on or about October 29, 2012 (the "Subject Loss")".

Further, Giaccone specifically "covenants not to sue Canopius US for any contractual, statutory or common law cause of action, including but not limited to any action for "bad faith", relating in any way to the above-referenced Subject

Loss, the insurance claim for the Subject Loss, or Canopius US' handling, investigation and adjustment of the claim for the Subject Loss."

Thus, to the extent that Plaintiffs claim they suffered additional property damage during subsequent storms due to their inability to repair the initial property damage from Super Storm Sandy, any such claims were also covered by the release.

### B. Pursuant To The Terms Of The Release, Canopius US Is Entitled To Recover Its Attorney's Fees

"Although New Jersey generally disfavors the shifting of attorney's fees, a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co. v. Collier*, 167 N.J. 427, 440, 771 A.2d 1194 (2001) (citations omitted). Parties to a contract are permitted to agree to shift liability for attorney's fees. *See Cohen v. Fair Lawn Dairies, Inc.*, 86 N.J. Super. 206, 214-16, 206 A.2d 585, (App. Div.), *aff'd*, 44 N.J. 450, 210 A.2d 73 (1965). New Jersey Court consistently enforce contractual provisions that provide for the aggrieved party to recover fixed or reasonable attorney's fees. *See e.g.*, *Cunningham v. Financial Modeling Concepts, Inc.*, 2006 N.J. Super. Unpub. LEXIS 2106, 2006 WL 2986616 (App. Div. Oct. 20, 2006); *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 570, 730 A.2d 843 (1999); *Belfer v. Merling*, 322 N.J. Super. 124, 141, 730 A.2d 434 (App. Div.) (citing

*Jennings v. Cutler*, 288 N.J. Super. 553, 567, 672 A.2d 1215 (App. Div. 1996)), *certif. denied*, 162 N.J. 196, 743 A.2d 848 (1999); *Ctr. Grove Assocs. v. Hoerr*, 146 N.J. Super. 472, 474, 370 A.2d 55 (App. Div. 1977).

Here, the release provides that "[t]he prevailing party in any action to enforce this Release and Settlement Agreement shall be entitled (both a trial and upon appeal) to attorney's fees, interest, costs and expense of litigation." Accordingly, Canopius US is entitled to recover the fees and costs incurring in making the instant motion.

**IV. CONCLUSION**

In the instant action, Plaintiffs are impermissibly seeking recovery for an alleged January 31, 2013 loss in violation of the unambiguous terms of the release, which terminated Canopius US' further obligation under the policy. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, and Canopius US should be awarded its fees and costs incurred in appearing and filing the instant motion.

WHEREFORE defendant CANOPIUS US INSURANCE, INC. i/s/h/a/ CANOPIUS US INSURANCE COMPANY respectfully request that the Court grant the instant motion in its entirety and issue an order dismissing Plaintiffs' complaint with prejudice and awarding Canopius US fees and costs incurring in appearing and making this motion, together with such other and further relief as the court deems just and proper.

Dated: New York, New York
November 7, 2014

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: ______________________
Jared Greisman (JG 6983)
Attorneys for Defendant
CANOPIUS US INSURANCE, INC.
i/s/h/a CANOPIUS US INSURANCE
COMPANY
Holmdel Corporate Plaza
2137 Route 35
Holmdel, NJ 07733
(732) 530-7787
Our File No.: 446-17360L