UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

―――――――――――――――――――――X

ANTONIO GIACCONE and RITA GIACCONE,

          Plaintiffs,

-against-

CANOPIUS US INSURANCE, INC. i/s/h/a
CANOPIUS US INSURANCE COMPANY,

          Defendant.

―――――――――――――――――――――X

Case No. 1:14-cv-06939-JBS-KMW

**AFFIRMATION IN SUPPORT**

JARED GREISMAN, an attorney duly admitted to practice law in the United States District Court, District of New Jersey, hereby affirms the following to be true under the penalties of perjury.

1. I am a partner with the law firm of WHITE, FLEISCHNER & FINO, LLP, counsel for Defendant CANOPIUS US INSURANCE, INC. i/s/h/a CANOPIUS US INSURANCE COMPANY ("Canopius US") and as such I am fully familiar with the facts and circumstances of this action.

2. I submit this affirmation in support of Canopius US' motion for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, pursuant to Rule 12(d), for an order pursuant to Rule 56 dismissing Plaintiff's complaint, with prejudice, and such other relief as the Court deems just and proper.

3. Plaintiffs' Disputed Statement of Facts contains various factual allegations regarding the circumstances leading up to the execution of the Settlement Agreement and Release. However, the intention of the parties was clearly and accurately reflected in the terms of the Settlement Agreement and Release, which was signed by Plaintiffs with the advice of

counsel and, as such, the factual allegations are of no consequence to the interpretation of the Release.

4.  It is undisputed that the Settlement Agreement and Release is a contract, the clear terms of which are to be enforced as written. "It is generally said that, in interpreting the words of a contract, the courts seek the meaning and intention of the parties." 5 Corbin on Contracts § 24.5 at 15 (Perillo ed. 1998). However, the "actual intent of the parties is ineffective unless made known in some way in the writing. It is not the real intent but the intent expressed or apparent in the writing that controls." *Newark Publishers' Ass'n v. Newark Typographical Union No. 103*, 22 N.J. 419, 427, 126 A.2d 348 (1956).

5.  The Settlement Agreement and Release clearly states that "Giaccone releases and gives up any and all claims and rights which Giaccone may have against Canopius … from the beginning of the world to the day of the date of this Agreement [November 27, 2013]" and further provides that "[i]t is specifically agreed that there are no remaining claims of any kind which Giaccone has under Policy Number OUS16008388." See Exhibit C.

6.  It is well settled that in interpreting the terms of a writing, the courts are required to give meaning to every word in the contract rather than leave a portion of the writing useless or inexplicable and are disinclined to interpret a writing in a manner that would render portions of it superfluous. *See e.g., Fitts v. Chase Manhattan Mortg. Corp.*, 2006 N.J. Super. Unpub. LEXIS 1461, 9-10, 2006 WL 3432296 (App.Div. Nov. 30, 2006) (quoting *Am. Shops, Inc. v. Reliance Ins. Co. of Phila.*, 22 N.J. Super. 564, 566-67, 92 A.2d 70 (Law Div. 1952)); *Concord Tech. Servs., LLC v. Securities Am. Advisors, Inc.*, 2013 N.J. Super. Unpub. LEXIS 835, 7-8, 2013 WL 1629062 (App. Div. Apr. 17, 2013); *Washington Const. Co. v. Spinella*, 8 N.J. 212, 217, 84 A.2d 617 (1951) (stating that all parts of a writing and every word of it will, if possible, be given

effect (citation and quotation omitted)); *Caruso v. John Hancock Mut. Life Ins. Co.*, 136 N.J.L. 597, 598, 57 A.2d 359 (E. & A. 1948) (stating that interpretation of contract should not leave portion of the writing useless or inexplicable).

7. This Court must reject Plaintiffs' proffered interpretation that the Release is limited to the loss that occurred on October 29, 2012, because it would render two full paragraphs of the Release meaningless. The intention of the parties, as expressed in the plain language of the Release, was that the Giaccones release and give up any claims and rights that were or could have been asserted against Canopius up to and including the date of the Release. This intent is further evidenced in the plain language of the Release wherein the Giaccone covenant not to sue Canopius for its handling, investigation and adjustment of the Subject Loss, which necessarily took place after October 29, 2012. Finally, because the Release was executed six months after the Policy expired, the Release specifically states that there are no remaining claims under Policy Number OUS16008388.

8. Resorting to parol evidence is improper where, as here, a contract is clear and unambiguous. *Conway v. 287 Corporate Ctr. Assocs.*, 187 N.J. 259, 268-70, 901 A.2d 341 (2006). Although a court construing a document is obliged to "consider all of the relevant evidence that will assist in determining the intent and meaning of the contract," extrinsic evidence should never be permitted to "modify[]" or "curtail[] its terms." *Id.* at 269. Accordingly, the alleged circumstances leading up to the Settlement as set forth by Plaintiffs regarding their understanding of the cause of their loss or the scope of the Release may not be relied upon to alter the clear and unambiguous terms of the writing, which releases all remaining claims under Policy Number OUS16008388 and any claims that could have been asserted up to the date that the Release was executed on November 27, 2013.

9.  In the instant action, Plaintiffs seek to recover for loss and damage that allegedly occurred on January 31, 2013 – ten months prior to the execution of the Release – hence, the Release undoubtedly bars Plaintiffs' claims and Canopius US respectfully requests that the Court grant with within motion to dismiss, or in the alternative, for summary judgment.

WHEREFORE defendant CANOPIUS US INSURANCE, INC. i/s/h/a CANOPIUS US INSURANCE COMPANY respectfully requests that the Court grant the instant motion in its entirety and issue an order dismissing Plaintiffs' complaint with prejudice and awarding Canopius US fees and costs incurred in appearing in this action and making this motion, together with such other and further relief as the court deems just and proper.

Dated: New York, New York
December 1, 2014

WHITE FLEISCHNER & FINO, LLP

By: _____
Jared Greisman (JG 6983)
Attorneys for Defendant
CANOPIUS US INSURANCE, INC. i/s/h/a
CANOPIUS US INSURANCE COMPANY
Holmdel Corporate Plaza
2137 Route 35
Holmdel, NJ 07733
(732) 530-7787
Our File No.: 446-17360L